1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11   FITNESS ANYWHERE, INC., a        )   Case No.:  CV 09-03828 SJO (RCx)
12   California corporation,          )
                                      )
13           Plaintiff,               )   [PROPOSED] PROTECTIVE
                                      )   ORDER
14                                    )
15           vs.                      )
                                      )   NOTE CHANGES MADE BY THE COURT.
16                                    )
17   GOFIT, LLC, an Oklahoma limited  )
     liability company, "CASCO," an   )
18   entity of unknown form, and DOES 1 )
     – 10.                            )
19                                    )
20           Defendants.              )
                                      )
21                                    )
22
23           This matter having come before the Court pursuant to the Parties'
24   Stipulated Motion for Protective Order;
25           WHEREAS, the Parties agree that this case involves discovery of
26   confidential, proprietary and trade secret information; and
27   _____
28
                        PROTECTIVE ORDER
                                1

WHEREAS, responses to discovery may likely require disclosure of customer lists and economic and business planning information both of which are confidential and proprietary; and

WHEREAS, good cause therefore exists for entry of this Protective Order;

WHEREAS, the Parties agree that certain "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" documents (collectively "Confidential Information") will be treated as follows:

1.   **Categories of Confidential Information**

(a)   **CONFIDENTIAL.**  A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Confidential" if, in the discretion of the producing or testifying entity, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees.

(b)   **HIGHLY CONFIDENTIAL.**  In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to information designated as Confidential.  A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Highly Confidential" if, in the discretion of the producing or testifying entity, it is determined in good faith (1) to contain nonpublic information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees and (2) that disclosure of such information to opposing parties or other persons may be detrimental.

///

---

PROTECTIVE ORDER

2

**2.     Designation of Information Produced**

(a)     Any answers, responses or documents deemed Confidential under Paragraph 1(a) by the Producing Party shall be marked or stamped by the Producing Party as "CONFIDENTIAL."

(b)     Any answers, responses or documents deemed Highly Confidential under Paragraph 1(b) by the Producing Party shall be marked or stamped by the Producing Party as "HIGHLY CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "OUTSIDE COUNSEL ONLY." These markings shall be collectively referred to as "HIGHLY CONIDENTIAL" herein.

(c)     Stamping or marking material as set forth in Paragraphs 2(a) and 2(b) shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

**3.     Depositions**

(a)     If Confidential Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal as provided herein.

(b)     During any deposition, counsel for the Producing Party may request, including by making an appropriate statement on the record at the time of the taking of the deposition testimony, that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The room in which the deposition is being taken shall, at the request of the Producing Party, be closed in accordance with the restrictions of Paragraphs 4 and 5.  The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to

PROTECTIVE ORDER

3

1   the Producing Party to advise or instruct the witness not to answer.

2          (c)    Upon receipt, all deposition transcripts and the exhibits
3   thereto shall be treated initially as HIGHLY CONFIDENTIAL in their entirety
4   until thirty (30) days after receipt of the transcript, unless the parties expressly
5   agree otherwise.  Within thirty (30) days after receipt of the transcript, any party
6   may designate portions of a deposition transcript as CONFIDENTIAL or
7   HIGHLY CONFIDENTIAL.  The designation shall be accomplished by a letter
8   or e-mail to all other parties and the court reporter listing the pages, lines, and
9   exhibits constituting Confidential Information and the category of
10  confidentiality.  If the Producing Party previously designated portions of
11  testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL during the
12  deposition, the Producing Party is not required to re-designate those portions of
13  the transcript during the thirty (30) day period unless the Producing Party wants
14  to change the designation.

15         (d)    The pages of the transcript designated as containing
16  Confidential Information and the numbers (but not the descriptions) of the
17. deposition exhibits designated as constituting Confidential Information shall be
18  appropriately noted on the front of the original deposition transcript and
19  identified with the appropriate category as set forth in Paragraphs 1(a) and 1(b).
20  Those designated pages and exhibits shall be separately bound in one or more
21  volumes as appropriate and marked as set forth in Paragraphs 2(a) and 2(b).  To
22  facilitate this requirement, the party seeking specific designation of a deposition
23  transcript shall ensure that a copy of the Protective Order is provided to the
24  court reporter.

25         (e)    Failure to designate testimony as CONFIDENTIAL or
26  HIGHLY CONFIDENTIAL either at a deposition or within thirty (30) days

27

28

PROTECTIVE ORDER

4

after receipt of the transcript shall not be deemed a waiver of the right to designate such testimony as Confidential Information. If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notification from the Producing Party. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in this Order.

### 4.    "CONFIDENTIAL" Restrictions

Confidential Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)    The Receiving Party's Outside Counsel of record, as well as employees, or contractors of said Counsel who are under direct supervision of said Counsel, to whom it is reasonably necessary to disclose the information;

(b)    No more than three officers and employees of a Receiving

PROTECTIVE ORDER

Party:  (1) to whom disclosure is reasonably necessary in connection with this litigation; (2) who have signed the "Undertaking" attached hereto as Exhibit A; and (3) as to whom the procedures set forth in Paragraph 6, below, have been followed.

(c)    Experts (as defined in Paragraph 6, below) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Undertaking" (Exhibit A); and (3) as to whom the procedures set forth in Paragraph 6, below, have been followed;

(d)    Court reporters, their staffs, and professional vendors, such as copy services, to whom disclosure is reasonably necessary for this litigation and who have signed the "Undertaking" (Exhibit A);

(e)    During their depositions, and/or at trial, witnesses who are or were employees or representatives of the Producing Party, where such disclosure is reasonably necessary; and

(f)    Persons who appear on the face of any document marked as CONFIDENTIAL as an author, addressee, recipient or source thereof, or who have been established by testimony as having, with reasonable certainty, reviewed or seen such documents and at the time, were authorized to do so.

## 5.    "HIGHLY CONFIDENTIAL" Restrictions

Confidential information designated as HIGHLY CONFIDENTIAL shall not be disclosed except by prior written consent of the Producing Party or pursuant to a further order of this Court, to any person other than those person(s) described in Paragraph 4, with the exception of Paragraph 4(b), and with respect to Paragraph 4(e), only those employees or representatives who have been established as having authority, or having had authority, to see such information or documents.

---

PROTECTIVE ORDER

6

## 6.    Undertaking

No disclosure of any Confidential Information shall be made to any person, other than those specified in Paragraphs 4(b), 4(c), or 4(d), unless the person to whom disclosure is to be made has signed, prior to any disclosure of Confidential Information, an Undertaking in the form attached to this Order as Exhibit A.

Independent experts pursuant to Paragraph 4( c) means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant, and who is not a past or current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with the litigation. Prior to providing any expert or consultant with Highly Confidential Information, the Receiving Party shall provide in writing to the Producing Party the expert or consultant's name, employment, affiliations and relationship to any of the parties, and a copy of a signed Undertaking by such person. If during the following ten (10) days, the Producing Party objects to the disclosure, supported by a specific statement regarding the reason for the objection, then no disclosure shall be made until such time as the Receiving Party obtains from the Court an Order compelling such disclosure. The parties shall confer in good faith to resolve any such disagreements prior to bringing any motion to compel disclosure.

With respect to each non-testifying expert or consultant who is to receive Confidential Information under this Order, each such non-testifying expert or consultant shall first execute an Undertaking and counsel for the

PROTECTIVE ORDER

7

disclosing party shall retain a copy of such Undertaking in its possession. The Receiving Party shall promptly provide the Producing Party with a copy of any executed Undertakings, except that in the case of any non-testifying experts or consultants retained by the Receiving Party's attorneys for any party for purposes of assisting in this litigation, the Receiving Party shall provide the Producing Party with a copy of all Undertakings executed by such non-testifying experts or consultants within thirty (30) days of the conclusion of this litigation, whether by way of settlement or judgment, including the exhaustion of all appeals.

Notwithstanding the foregoing, in the event a Receiving Party seeks to disclose any Confidential Information under this Order to any non-testifying expert or consultant who may also be a competitor of the Producing Party or employed by or an agent of such competitor, the procedure for providing a copy of an executed Undertaking and objecting set forth above for testifying experts or consultants shall apply.

### 7.   Stipulated Applications Pursuant to Local Rules

If a party desires to file with the Court any Confidential Information of a party to this suit, the Producing Party's designation of that information as Confidential or Highly Confidential shall represent the Producing Party's consent to a stipulated application, pursuant to Local Rules 7-1 and 79-5, without further notice necessary to the Producing Party.

If a party desires to file with the Court any Confidential Information produced by any person or entity that is not a party to this suit, it shall notify the Producing Party of the documents that it intends to file and seek the Producing Party's consent to a stipulated application pursuant to Local Rules 7-1 and 79-5 in a form substantially equivalent to that attached as Appendix A, such consent

PROTECTIVE ORDER

8

not to be unreasonably withheld.

With the filing of this Proposed Order, the parties agree that (1) the foregoing provisions 1 through 6 are a binding agreement; and (2) violation of this agreement may cause harm for which there is no adequate remedy at law and agree injunctive relief may be necessary.

Presented By:

Omid A. Mantashi (SBN 208226)
omid@ipfoundry.com
Attorney at Law
360 Grand Ave., Ste. 90
Oakland, CA  94610
(510) 593-9442 (Voice)
(510) 868-8310 (Fax)

Attorney for Plaintiff
FITNESS ANYWHERE, INC.

Mark H. Plager (SBN 192259)
Mark@plagerschack.com
Plager Schack LLP
16152 Beach Blvd. Ste. 207
Huntington Beach, CA 92647
(714) 698-0601 x 101 (Voice)
(714) 698-0608 (Fax)

Attorney for Defendants
GO FIT, LLC and CASCO

The Court ORDERS that the following procedures shall be used regarding certain documents in this matter:

**1.     Filing Under Seal Pursuant to Local Rules 7-1 and 79-5**

(a)     If any party wishes to file with the Court any document that contains or comprises Confidential or Highly Confidential information, that party shall file that document under seal and shall simultaneously bring a stipulated supporting application for leave to accept that document under seal pursuant to Local Rule 79-5.  If that application is denied, the filing party shall

---

PROTECTIVE ORDER

9

1  promptly re-file that document so it is available on a public basis.  In either
2  event, the document shall been deemed timely filed as of the date of the
3  application under Local Rule 79-5.

4        (b)    If, through inadvertence or otherwise, any Confidential or
5  Highly Confidential document is filed with the Court without the appropriate
6  notice, the person responsible for the disclosure shall immediately bring all
7  pertinent facts relating to such disclosure to the attention of counsel for all
8  parties and to the Court, without prejudice to other rights and remedies of any
9  party, and shall make every effort to prevent further disclosure.

10      **2.   Objection to Designation**

11      Any party may contest the designation of any document or
12  Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The
13  Producing Party and Receiving Party shall confer in good faith to resolve any
14  such disagreements *and comply with Local Rule 37.* ~~This Court shall determine any unresolved disputes using~~
15  ~~the same standards as if the Producing Party had applied for a protective order~~
16  ~~under the Federal Rules of Civil Procedure and related law.~~

17      **3.   Disclosure**

18      (a)    Inadvertent Disclosure of Confidential Information.  If,
19  through inadvertence, the Producing Party provides any material containing
20  Confidential Information during the course of this litigation without designating
21  the material as set forth in Paragraph 2 above, the Producing Party shall
22  promptly inform the Receiving Party in writing of the confidential nature of the
23  material and specify the designation that should be applied to the material.  The
24  Receiving Patty shall thereafter treat the disclosed material in accordance with
25  this Protective Order to the extent that the Receiving Party has not already
26  disclosed the material.

27
28

---

PROTECTIVE ORDER

10

1         (b)    Required Disclosure. In the event that any person in receipt

2   of Confidential Information originating with another party shall receive a

3   written request, subpoena, or court order seeking disclosure of the Confidential

4   Information, such person shall promptly provide a copy of the request,

5   subpoena, or court order to counsel for the Producing Party.

6         (c)    Unauthorized Disclosure. If material containing Confidential

7   Information is disclosed to any person other than in the manner authorized by

8   this Protective Order, the person responsible for the disclosure shall

9   immediately bring all pertinent facts relating to such disclosure to the attention

10  of counsel for all parties and, without prejudice to other rights and remedies of

11  any party, and shall make every effort to prevent further disclosure.

12        (d)    If information subject to a claim of attorney-client privilege,

13  attorney work product or any other legal privilege protecting information from

14  discovery is inadvertently produced to a party or parties, such production shall

15  in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any

16  claim of privilege, work product or other ground for withholding production to

17  which the Designating Party or other person otherwise would be entitled. If a

18  claim of inadvertent production is made pursuant to this Paragraph, with respect

19  to information then in the custody of another party, such party promptly shall

20  return to the claiming party or person that material and all copies or

21  reproductions thereof as to which the claim of inadvertent production has been

22  made, shall destroy all notes or other work product reflecting the contents of

23  such material, and shall delete such material from any litigation-support or

24  other database. The party returning such material may then move the Court for

25  an order compelling production of the material, but such motion shall not rely *in compliance with Local Rule 37*

26  upon in any manner or assert as a ground for entering such an order the fact or

27

28

PROTECTIVE ORDER

11

circumstances of the inadvertent production.

### 4.   Limitation on Use and Survival

(a)   Any Confidential Information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatever.

(b)   All obligations and duties arising under this Order shall survive the termination of this action.  This Court retains jurisdiction over the parties, for 30 days following dismissal or entry of Judgment respecting any dispute regarding the improper use of information disclosed under protection of this Order.

### 5.   Producing Party's Use

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Confidential Information to any person; or from consenting to the disclosure of its own Confidential Information by the Receiving Party.

### 6.   Independent Source

This Protective Order does not prohibit the use or disclosure of confidential material lawfully obtained from an independent source even if such material is designated as Confidential Information under this Order.  Where such information is lawfully obtained from another source, the specific materials provided by the Producing Party shall be maintained as confidential. The restrictions on use and disclosure set forth in this Order shall not apply to information that, prior to being obtained by the Receiving Party pursuant to this Order, either is lawfully in the possession or knowledge of the Receiving Party or is demonstrably public knowledge.  The restrictions, uses, and disclosures set forth in this Order shall further not apply to information that, after being

PROTECTIVE ORDER

12

1  obtained by the Receiving Party pursuant to this Order, becomes demonstrably
2  public knowledge other than by act or omission by the Receiving Party.

3       **7.**     **Return**

4       At the conclusion of this action, all tangible Confidential
5  Information, and all copies of Confidential Information or any derived
6  summaries, memoranda, or other records containing Confidential Information
7  shall, at the Receiving party's option, be destroyed or returned to counsel for
8  the Producing Party; except that counsel for each party way retain one archival
9  copy of each such document for reference in the event of a dispute over the use
10 or dissemination of information designated as confidential, and may retain
11 documents, things, copies, or samples to the extent that they include or reflect
12 such counsel's work product.

13      **8.**     **Protection of Third Parties**

14      An entity that is not a party to this litigation may take advantage of
15 the protection of Confidential Information provided by this Order, and such
16 entity shall be entitled to all rights and protections afforded the Producing Party
17 under this Order.

18

19      *as amended at paras. 2 - 4,*
   SO ORDERED this 21st day of August, 2009

20

21

22

23      Hon. Rosalyn M. Chapman
        United States Magistrate Judge

24

25

26

27

28

PROTECTIVE ORDER

13

Exhibit A

## UNDERTAKING

I acknowledge that , _____ (Name),

of _____ (Place and Position of Employment)

am about to receive Confidential Information supplied by _____ (Party).

I certify that I understand that such Confidential Information will be provided to

me pursuant to the terms and restrictions of the PROTECTIVE ORDER of

_____, 2009, in Civil Action No. CV 09-03828 SJO (RCx) in the U.S.

District Court for the Central District of California at Los Angeles (Western

Division).

I further represent that I have been given a copy of and have read

that PROTECTIVE ORDER, and that I agree to be bound by all of its

applicable terms. I also understand that documents and/or information having

any confidential designation, and all copies, summaries, notes and other records

that may be made regarding such documents and/or information, shall be

disclosed to no one other than persons qualified under the PROTECTIVE

ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or

the PROTECTIVE ORDER may be punishable by Contempt of Court.


_____                _____
Date                                    Signature


                                        _____
                                        Printed Name

PROTECTIVE ORDER

14